UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY TAYLOR,

                    Petitioner,

                                                  CIVIL CASE NO. 04-CV-70581-DT
v.                                                HONORABLE BERNARD A. FRIEDMAN

MILLICENT WARREN,

                    Respondent.
_____/

<u>**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**</u>

**I.      Introduction**

        Gregory Taylor ("Petitioner"), a state prisoner presently confined at the Macomb

Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of habeas

corpus challenging his convictions for assault with intent to do great bodily harm less than

murder and possession of firearm during the commission of a felony, second offense, which were

imposed following a bench trial in the Wayne County Circuit Court.  Petitioner was sentenced as

a fourth habitual offender to consecutive terms of 16 to 24 years imprisonment and five years

imprisonment on those convictions.

        In his pleadings, Petitioner raises claims concerning the admission of other acts evidence,

the denial of a jury trial on the habitual offender information, a violation of Michigan's 180-day

rule, pre-arrest delay, and the effectiveness of trial and appellate counsel.  For the reasons set

forth below, the Court denies the petition for writ of habeas corpus.

1

## II.    Facts

Petitioner's convictions arise from the shooting of John Callaway on April 15, 1994 in

Detroit, Michigan.  The Michigan Court of Appeals summarized the relevant facts, which are

presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich.

2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> On April 15, 1994, the victim was arguing with Cassandra or Sandra Holt in a
> bedroom of a residence.  Defendant entered the bedroom and told the victim to
> leave the house.  The victim and defendant exchanged obscenities.  Defendant
> pulled a gun from his waist.  The victim ran from the bedroom, but was shot in
> the back.  The victim survived the shooting, but is deaf in his right ear and
> partially paralyzed on the right side of his face as a result of the shooting.
> Defendant failed to appear at the preliminary examination, and a capias issued on
> January 24, 1995. Defendant was apprehended in June 1998, and a parole hold
> issued on June 10, 1998.  At trial, the victim testified that defendant "rode up on
> him" the day before the preliminary examination and told the victim not to go to
> court.  Additionally, the homes of the victim, his sisters, and his mother were shot
> at within a week of the preliminary examination.  The trial court, sitting as the
> trier of fact, struck the testimony regarding the residence of the mother because it
> was too remote in time. The trial court allowed the testimony regarding the threat
> to the victim prior to the preliminary examination and the damage to the victim's
> home.  However, the trial court also noted that there was no correlation between
> the damage and defendant, and the testimony regarding the home of the victim's
> sisters was not stricken, but was of "limited relevance."

*People v. Taylor*, No. 222157, 2001 WL 1512046, *1 (Mich. Ct. App. Nov. 27, 2001).

## III.    Procedural History

Following sentencing, Petitioner, through counsel, filed an appeal as of right with the

Michigan Court of Appeals raising claims challenging the admission of other acts evidence at

trial and the failure to provide him with a jury trial on the habitual offender information.

Petitioner also filed a *pro per* brief raising claims regarding an alleged violation of the 180-day

rule, the trial court's refusal to dismiss the charges due to pre-arrest delay, and the effectiveness

of appellate counsel.  The Court of Appeals affirmed Petitioner's convictions and sentence.

2

*People v. Taylor*, No. 222157, 2001 WL 1512046 (Mich. Ct. App. Nov. 27, 2001).  Petitioner

filed a delayed application for leave to appeal with the Michigan Supreme Court, which was

denied.  *People v. Taylor*, 466 Mich. 885, 646 N.W.2d 474 (2002).

Petitioner filed a motion for relief from judgment in the trial court, re-asserting the afore-

mentioned claims and asserting new claims of ineffective assistance of trial and appellate

counsel.  The trial court denied the motion finding that the claims which had been previously

raised on direct appeal were precluded by Michigan Court Rule 6.508(D)(2) and that the

remaining claims were precluded by Michigan Court Rule 6.508(D)(3).  *People v. Taylor*, No.

98-007097-01 (Wayne Co. Cir. Ct. Dec. 5, 2002).  Petitioner filed a delayed application for leave

to appeal with the Michigan Court of Appeals, which was denied for "failure to meet the burden

of establishing entitlement to relief under MCR 6.508(D)."  *People v. Taylor*, No. 245918 (Mich.

Ct. App. May 20, 2003).  Petitioner filed an application for leave to appeal with the Michigan

Supreme Court, which was similarly denied.  *People v. Taylor*, 469 Mich. 969, 671 N.W.2d 882

(2003).

Petitioner filed the present habeas petition on February 18, 2004, asserting the following

claims as grounds for relief:

> I.      He was denied a fair trial and sentenced on the basis of inaccurate
>         information where the court admitted allegations of shootings at the
>         homes of the victim and his relatives without a modicum of proof that he
>         was connected to those shootings.
>
> II.     He was deprived of his right to a jury trial on the habitual offender
>         information.
>
> III.    The trial court erred in denying his motion to dismiss where the court took
>         over 180 days to bring him to trial.

3

    IV.     The trial court erred in denying his motion to dismiss where he was unfairly prejudiced by pre-arrest delay.

    V.     He was denied the effective assistance of appellate counsel where counsel failed to raise the afore-mentioned issues on direct appeal.

    VI.     He was denied the effective assistance of counsel when trial counsel failed to object to him not having a jury trial on the habitual offender information and appellate counsel failed to raise this issue on direct appeal.

    VII.     His habitual offender conviction should be vacated as the trial court lacked jurisdiction to try him on this part of the case.

    VIII.     The trial court lacked jurisdiction to try him on the habitual offender information when the case was past the 180-day time limit.

    IX.     His due process rights were violated when the trial court failed to give him a jury trial on the habitual offender information.

Respondent filed an answer to the petition on September 2, 2004 asserting that the claims should be denied for lack of merit and/or based upon procedural default. Petitioner filed a reply to that answer on September 23, 2004.

## IV.    Analysis

### A.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

4

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412;

5

*see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.     Admission of Shooting Evidence (Habeas Claim I)**

Petitioner first claims that he is entitled to habeas relief because the trial court erred in admitting evidence concerning the shootings of the homes of the victim and his relatives. Respondent contends that this claim lacks merit.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

6

Similarly, wide discretion is accorded a state trial court's sentencing decision and claims arising out of that decision are not generally cognizable upon federal habeas review. A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must also show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v. Jabe*, 803 F. Supp. 70, 80 (E.D. Mich. 1992).

In this case, the Michigan Court of Appeals concluded that the trial court did not abuse its discretion in admitting evidence of the house shootings, noting that the trial court acknowledged the lack of connection to Petitioner and the "limited relevance" of the evidence. The Court of Appeals noted that the trial judge as the fact-finder in a bench trial is presumed to follow the law. The Court of Appeals also found no evidence that the trial court relied on the shootings in sentencing Petitioner. *See Taylor*, 2001 WL 1512046 at *1.

Having considered the matter, this Court finds that the Court of Appeals' decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law. Although the evidence was of limited relevancy, it was admissible under Michigan law as possible evidence of witness intimidation and/or consciousness of guilt. Furthermore, the trial court acknowledged the lack of connection to Petitioner and did not reference the shootings in its factual findings or conclusions of law. The evidence was also somewhat

7

cumulative to the victim's testimony that Petitioner "drove up" on him and told him not to appear in court. Petitioner has not shown that the admission of the shooting evidence rendered his trial fundamentally unfair. He has also not shown that the trial court relied upon the house shooting evidence in sentencing him.

Further, even if the trial court erred in admitting the evidence, such error was harmless. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon jury's verdict). The prosecution presented other significant evidence of Petitioner's guilt, including the testimony of the victim and eyewitnesses to the shooting. The trial court's admission of the house shooting evidence did not have a substantial or injurious effect or influence upon the verdict or sentence. Habeas relief is not warranted on this claim.

### C.    Lack of Jury Trial on Habitual Offender (Habeas Claims II, VII, IX)

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to provide him with a jury trial on the habitual offender enhancement charge. Respondent contends that this claim is barred by procedural default and/or lacks merit.

Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Couch v. Jabe*, 951 F.2d 94 (6th Cir. 1991). In *Wainwright*, the Supreme Court explained that a petitioner's procedural default in the state courts will preclude federal habeas

8

review if the last state court rendering a judgment in the case rested its judgment on the procedural default. 433 U.S. at 85. In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing Petitioner's claim, the court relied upon a state procedural bar -- Petitioner's failure to raise this issue or object at the time of trial. *Taylor*, 2001 WL 1512046 at *2. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee*

9

*v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).  In this case, the Michigan Court of Appeals denied this claim based upon Petitioner's failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner alleges ineffective assistance of trial counsel as cause to excuse his procedural default.  As an initial matter, the Court notes that the ineffective assistance of trial counsel claim is itself procedurally defaulted.  *See* discussion *infra*.  Nonetheless, even assuming that trial counsel erred in failing to preserve his jury trial right on the habitual offender enhancement charge, Petitioner cannot establish that he was prejudiced as he is not entitled to habeas relief on this claim.

As recognized by the Michigan Court of Appeals, Petitioner was entitled to a jury trial on the habitual offender information as a matter of state law based upon the April 15, 1994 date of the offense.  *See Taylor*, 2001 WL 1512046 at *2 (discussing Mich. Comp. L. § 769.13).  The right to a jury trial on the sentencing enhancement, however, was a state statutory right and not guaranteed as a matter of federal constitutional law.  *See Spencer v. Texas*, 385 U.S. 554, 567-69 (1967) (bifurcated trials are not constitutionally mandated when a defendant is subject to sentencing as a habitual offender).  Due process only requires that a defendant be given reasonable notice and an opportunity to be heard on habitual offender sentencing enhancement charges.  *See Oyler v. Boles*, 368 U.S. 448, 452 (1962).  Petitioner's claim that he was not provided with a jury trial on the habitual offender charge under Michigan law fails to state a

10

claim which is cognizable upon federal habeas review. *See Ray v. Cowley*, 977 F.3d 596, 1992 WL 252493, *3 (10th Cir. 1992) (unpublished) (whether petitioner validly waived his Oklahoma statutory right to a jury trial on a habitual offender charge was a state law matter); *United States v. Inendino*, 463 F. Supp. 252, 257 (N.D. Ill. 1978) (citing cases); *see also Tolbert v. LeCureaux*, 811 F. Supp. 1237, 1240-41 (E.D. Mich. 1993) (petitioner failed to state a cognizable habeas claim where he alleged failure to receive adequate notice of a habitual offender charge under state law). It is well-settled that habeas relief may not be based upon a perceived violation of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Furthermore, the record indicates that Petitioner waived his right to a jury trial on the substantive charges and opted for a bench trial. *See* 7/30/99 Tr., pp. 20-22. Thus, it is unlikely that he would have demanded a jury trial on the habitual offender information. Counsel may have reasonably decided that pursuing a jury trial on the habitual offender charge was unnecessary given that Petitioner did not dispute the prior convictions. Even now, Petitioner does not dispute that he had three prior convictions or a prior weapons offense which warranted sentencing enhancement, nor does he allege that he was not given notice of the enhancement or was unable to contest it. He has thus failed to establish that he was denied due process. *See Oyler*, 368 U.S. at 453-54; *see also Hall v. Chase*, 56 Fed. Appx. 346 (9th Cir. 2003); *Washington v. Cowan*, 25 Fed. Appx. 425, 426 (7th Cir. 2001). Given such circumstances, Petitioner cannot demonstrate that trial counsel was ineffective so as to establish cause to excuse his default, nor can he demonstrate actual prejudice.

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation

probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S.

298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal

insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim

of actual innocence] requires petitioner to support his allegations of constitutional error with

new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at

324. Petitioner has made no such showing. He is thus not entitled to relief on this claim.

### D.       180-Day Rule (Habeas Claims III, VIII)

Petitioner next asserts that he is entitled to habeas relief because the trial court violated

Michigan's 180-day rule by failing to promptly bring him to trial. Respondent contends that

this claim lacks merit.

A violation by state officials of a state speedy trial law, taken alone, does not present a

federal claim subject to review in a habeas proceeding. *See Poe v. Caspari*, 39 F.3d 204, 207

(8th Cir. 1994). A state statute has no bearing upon whether a state has violated a petitioner's

federal constitutional right to a speedy trial as protected by the Sixth Amendment. *Stewart v.

Nix*, 972 F.2d 967, 970 (8th Cir. 1992). Federal consideration of a claim that a state has violated

its own speedy trial rules is limited to a determination of whether the state's action has violated

a petitioner's [federal] constitutional right to a speedy trial or due process. *See Flenoy v.

Russell*, 902 F.2d 33, 1990 WL 61114, * 3 (6th Cir. May 8, 1990) (citing *Millard v. Lynaugh*,

810 F.2d 1403, 1406 (5th Cir. 1987)). The United States Court of Appeals for the Third Circuit

rejected a claim similar to Petitioner's when it ruled that Pennsylvania's 180-day rule does not

define the contours of the federal constitutional right to a speedy trial. *See Wells v. Petsock*,

941 F.2d 253, 256 (3rd Cir. 1991). Michigan's 180-day rule likewise does not define the contours of the federal constitutional right to a speedy trial and a violation of that rule alone would not entitle Petitioner to habeas relief.

Additionally, to the extent that Petitioner's claim may be construed as a Sixth Amendment speedy trial claim, it must also be rejected. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The United States Supreme Court has identified four factors to be considered in assessing a Sixth Amendment speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. *See Doggett v. United States*, 505 U.S. 647, 651 (1992); *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The factors are to be balanced such that "[n]one of these factors [alone] is sufficient to establish a violation of the Sixth Amendment." *Barker*, 407 U.S. at 533.

In this case, the Michigan Court of Appeals concluded that the 180-day rule did not apply to Petitioner because of his parole status. *See Taylor*, 2001 WL 1512046 at *2. Because the Michigan Court of Appeals did not address whether the alleged error constituted a denial of Petitioner's federal constitutional rights, this Court must conduct an independent review of the state court's decision. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. This independent review "is not a full, de novo review of the claims,

but remains deferential because the court cannot grant relief unless the state court's result is not

in keeping with the strictures of the AEDPA." *Id.*

Having conducted the requisite review, this Court concludes that Petitioner has failed to

demonstrate a violation of his Sixth Amendment right to a speedy trial.  The record reveals that

Petitioner cause, requested, and/or consented to much of the delay in bringing him to trial.  *See*

10/16/98 Tr., pp. 4-5; 6/25/99 Tr., p. 5.  Some additional delay was caused by changes in court

personnel and scheduling issues.  *See* 3/8/99 Tr., p. 4.  Petitioner, however, has not established

any improper reason for the delay.  More importantly, he has not established that he was

materially prejudiced because of the delay.  *See, e.g., Wallace v. Lockhart*, 701 F.2d 719, 729

(8th Cir. 1983).  He is thus not entitled to habeas relief on this claim.

### E.    Pre-Arrest Delay (Habeas Claim IV)

Petitioner also asserts that he is entitled to habeas relief due to pre-arrest delay.

Respondent contends that this claim lacks merit.  The Due Process Clause prohibits unjustified

pre-indictment or pre-arrest delay.  *See United States v. Lovasco*, 431 U.S. 783, 789 (1977);

*United States v. Marion*, 404 U.S. 307, 324-26 (1971).  To prevail on such a claim, a defendant

must show substantial prejudice to his right to a fair trial and intent by the prosecution to gain a

tactical advantage.  *Marion*, 404 U.S. at 324.

The Michigan Court of Appeals rejected this claim, finding that Petitioner had failed to

establish "actual and substantial prejudice such that his ability to defend the charges raised

against him likely affected the outcome of the proceedings."  *See Taylor*, 2001 WL 1512046 at

*2.  This Court agrees and finds that the Michigan Court of Appeals' decision is neither

contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

14

Petitioner has failed to show that he was substantially prejudiced by any pre-arrest delay. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998).  Petitioner has also offered no evidence to show that the delay was intended to secure a tactical advantage by the prosecution. He is thus not entitled to habeas relief on this claim.

> **F.      Effectiveness of Appellate Counsel (Habeas Claim V)**

Petitioner next claims that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the 180-day rule and pre-arrest delay claims on direct appeal. Respondent contends that this claim is without merit.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel.  First, a petitioner must  prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.  *Id*. at 687.  Second, the petitioner must establish that the deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id.* at 689.  The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 690.

15

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

The Michigan Court of Appeals ruled that Petitioner failed to establish that appellate counsel was ineffective for failing to raise the 180-day rule and pre-arrest delay claims on appeal. *See Taylor*, 2001 WL 1512046 at *3. This Court agrees and concludes that the state court's decision is neither contrary to *Strickland* nor an unreasonable application thereof. As discussed *supra*, the claims lack merit. Further, the Michigan Court of Appeals accepted Petitioner's *pro per* brief and addressed the merits of those claims. Accordingly, Petitioner cannot establish that appellate counsel was deficient or that he was prejudiced by counsel's conduct in this regard. Habeas relief is not warranted on this claim.

### G.      Effectiveness of Trial and Appellate Counsel (Habeas Claim VI)

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to properly challenge the trial court's failure to provide him with a jury trial on his habitual offender information. He relatedly asserts that appellate counsel was ineffective for failing to challenge trial counsel's effectiveness on direct appeal. Respondent contends that these claims are barred by procedural default and/or lack merit.

16

As noted, habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright*, 433 U.S. at 85; *see also Ylst*, 501 U.S. at 803-05; *Harris*, 489 U.S. at 263-64. Petitioner first raised the issue of trial counsel's effectiveness in his motion for relief from judgment. The trial court denied relief on this claim based upon Michigan Court Rule 6.508(D)(3), which provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* Mich. Ct. R. 6.508(D)(3). The Michigan appellate courts denied relief for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). The state courts' decisions, while brief, were based upon an independent and adequate state procedural rule. *See Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000); *cf. Abela v. Martin*, 380 F.3d 915, 922-23 (6th Cir. 2004) (Michigan Supreme Court's reference to MCR 6.508(D) may not be clear procedural default when a lower court denies relief on the merits).

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Gravley*, 87 F.3d at 784-85.

In this case, Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective under the standard set forth in *Strickland, supra,* 466 U.S. at 687-94. It is well-established that a criminal defendant does not have a constitutional right to have appellate

17

counsel raise every non-frivolous issue on appeal.  *See Jones v. Barnes*, 463 U.S. 745, 754

(1983).  The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on
> appointed counsel a duty to raise every "colorable" claim suggested by a client
> would disserve the ... goal of vigorous and effective advocacy.... Nothing in the
> Constitution or our interpretation of that document requires such a standard.

Id. at 754.  Strategic and tactical choices regarding which issues to pursue on appeal are

"properly left to the sound professional judgment of counsel."  *United States v. Perry*, 908 F.2d

56, 59 (6th Cir. 1990).  Petitioner has failed to show that appellate counsel's performance fell

outside the wide range of professionally competent assistance.  Appellate counsel raised the

house shooting evidentiary issue and the underlying jury trial issue on direct appeal in a well-

reasoned brief.  Petitioner has not shown that appellate counsel's strategy was deficient or

unreasonable.  He has thus failed to establish that he was denied the effective assistance of

appellate counsel.[1]

        This Court need not address the issue of prejudice when a petitioner fails to establish

cause to excuse a procedural default.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v.*

*McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).  Nonetheless, the Court briefly notes that Petitioner

cannot establish prejudice as his ineffective assistance of trial counsel issue lacks merit for the

reasons set forth *supra*.  Lastly, as previously discussed, Petitioner has not established that a

fundamental miscarriage of justice has occurred.  *See Schlup,* 513 U.S. at 326-27; *see also*

*Bousley*, 523 U.S. at 624.  Habeas relief is therefore not warranted on these claims.

---

[1]To the extent that Petitioner asserts ineffective assistance of appellate counsel as a distinct
habeas claim, that claim is not procedurally defaulted but nonetheless lacks merit for the same
reasons set forth herein.

18

**V.      Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in his petition.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.


                                                  __s/Bernard A. Friedman_____
                                                  BERNARD A. FRIEDMAN
                                                  UNITED STATES DISTRICT JUDGE

DATED: __May 11, 2005_____

19